# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. )
)
SAMUEL R. FLUKER, JR. )      2:98-CR -0167-JHH-TMP
)
)

## MEMORANDUM OF OPINION REGARDING ORDER GRANTING
## MOTION FOR REDUCTION OF SENTENCE

The movant, acting *pro se*, filed the above-styled motion, on February 29, 2008, asking that this court reduce his sentence pursuant to 18 U.S.C. § 3582 effective November 1, 2007 and made retroactive by USSG §1B1.10, effective March 3, 2008.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became

---

[1] At this point, the crack amendment had no retroactive application.

March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #68) of Samuel R. Fluker, Jr., to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment and the amended policy statement. The focus of the § 3582(c)(2) motion is the 151- months sentence imposed upon movant under Counts 1, 2, and 3.  This movant was found guilty of these charges and was sentenced on October 8, 1998.  At the time the movant was sentenced, he was attributed with conspiracy to possess with intent to distribute 107.9 grams of cocaine base (crack).  The 1997 guidelines manual set the base offense level for this amount of crack cocaine at level 32.

The following chart sets forth the application of the crack amendment to the instant case:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 34 | 32 |
| **Criminal History Category** | I | I |
| **Imprisonment Range** | 151-188 | 121-151 |
| **Departure** | N/A |  |
| **Sentence Imposed** | 151 months cts 1, 2&3 cc | time-served |
| **Rule 35(b)/Remand** | N/A |  |
| **Designated Institution** | RRC Birmingham |  |
| **Institutional Adjustment** | Has successfully completed drug treatment (RDAP) |  |
| **Projected Release Date** | 9/14/2008 |  |
| **Comments** |  |  |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

1. the movant was originally sentenced to the bottom of the correctly-computed guidelines range - 151 months;

2. as computed in accordance with the amended guideline, the bottom of the range is 121 months;

3. this creates a 30-month difference in the bottom of the two ranges;

4. deferring to the Bureau of Prisons Designation and Computation

3

Center, this court believes that by granting the movant's motion for a reduction in his sentence, the movant's projected release date could be immediately, thereby creating urgency in this court's actions as well as those of the BOP; and

5.  Neither BOP records pertaining to the movant's institutional adjustment nor the content of his criminal history as reflected in the presentence report indicate that there are public safety issues raised by his release at an earlier date.

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that the movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of the movant.

Therefore, in light of these considerations, after considering the factors set forth in 18 U.S.C. § 3553(a), and specifically noting the movant's successful completion of the Bureau of Prisons' Residential Drug & Alcohol Program (RDAP),  this court hereby orders that the sentence in counts 1, 2, and 3 is reduced to a term of **time served**. In so doing, the court finds that the movant has not overserved the original sentence, and, thereby, specifically retains all options for re-sentencing the movant in the future event that he appears before this court pursuant to a petition for revocation of supervised release.  The 60-month supervised release term imposed at sentencing begins immediately upon movant's release from custody.

The court further orders that the movant's release from custody is stayed for a period of ten (10) days from the date of this order so that the Bureau of Prisons can satisfy its statutory and regulatory requirements.

**DONE** this the ___4th___ day of April, 2008.

*James H. Hancock*
_____
SENIOR UNITED STATES DISTRICT JUDGE